## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **EVE CURTIS,**                             ) | |
| **On behalf of herself and all others**     ) | |
| **similarly situated,**                      ) | |
|                       **Plaintiff**          ) | |
|                                              ) | |
| **v.**                                       ) | **Civil Action No. 07-10442-PBS** |
|                                              ) | |
| **HOWARD LEE SCHIFF, P.C. and**              ) | |
| **HOWARD LEE SCHIFF,**                       ) | |
|                       **Defendants**         ) | |

### FIRST AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In addition, the Massachusetts Attorney General has promulgated regulations designed "to establish standards, by defining unfair or deceptive acts or practices [prohibited under G.L. c. 93A], for the collection of debts from persons within the Commonwealth of Massachusetts." 940 CMR 7.01.

In this action, plaintiff contends that the defendant law firm violated the FDCPA and G.L. c. 93A by harassing the plaintiff with frequent collection calls. She further

alleges that the programmed messages left for her by said defendant violated her rights by failing to disclose the caller's identity and that the caller was a debt collector.  With respect to the harassment claim, plaintiff seeks compensatory damages.  With respect to the non-disclosure claims arising from the unlawful message, plaintiff seeks statutory damages on behalf of a class of persons similarly situated.

### Parties

1.  Plaintiff Eve Curtis is an individual who at all relevant times has resided in Newton, Middlesex County, Massachusetts.

2.  Howard Lee Schiff, P.C., is a Massachusetts law firm and professional corporation with a principal place of business in Worcester, Massachusetts.

3.  Defendant Howard Lee Schiff is an individual who at all relevant times has been a licensed attorney and principal and/or owner of the defendant law firm Howard Lee Schiff, P.C.

### Jurisdiction and Venue

4.   Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

5.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### Statement of Facts

6.  On or about August 1, 2006, the defendant law firm began contacting plaintiff by telephone with respect to an alleged debt owed to MBNA America Bank.  These calls were always auto-dialed by computer or other device, and the identical programmed

message was always left for plaintiff on her answering machine:  "This is an important message for Eve Curtis.  This is not a sales or marketing call.  Please return this call at 866-234-7606.  Again that number was 866-234-7606.  Please refer to CN#K16495."  Ms. Curtis received an average of 3 - 4 such messages each week until they ceased in mid-December, 2006.

## Claims under the FDCPA

## COUNT I

7.  The allegations of paragraphs 1 – 6 are incorporated herein as if fully set forth.

8.  The frequency of the phone messages left for plaintiff constituted conduct the natural consequence of which was to harass plaintiff, in violation of 15 U.S.C. §1692d.

9.  As a result of defendant's conduct, plaintiff suffered anxiety and distress, which in turn resulted in headaches, loss of sleep, and distraction from daily activities.

WHEREFORE, plaintiff prays for judgment awarding her actual damages, statutory damages, interest, costs, and reasonable attorney's fees.

## COUNT II

## (Class Action)

10.  The allegations of paragraphs 1 – 6 are incorporated herein as if fully set forth.

11.  The standard programmed message left by defendant law firm failed to make meaningful disclosure of defendant's identity, in violation of 15 U.S.C. §1692d(6).

12.  On information and belief, defendant Howard Lee Schiff personally formulated, implemented, and/or ratified said unlawful message.

## Class Allegations

13.  Plaintiff brings this count of the complaint on behalf of herself and all others similarly situated.  Class members are all Massachusetts residents who, within one (1) year of the filing of this complaint, were left at least one of the above-described messages (or message substantially similar thereto) in connection with an alleged consumer debt. Excluded from the class are current and former officers, directors, stockholders, employees, and agents of defendant law firm.  On information and belief, the class is sufficiently numerous such that joinder is impracticable.

14.  There are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members.  The primary common questions are whether defendant law firm is a debt collector under the FDCPA, whether the message did not make meaningful disclosure of the caller's identity as required by the FDCPA, and whether defendant Howard Lee Schiff may be held jointly and severally liable with defendant law firm for said misconduct.

15.  Plaintiff's claim is typical in that it resulted from the identical unlawful conduct as that directed at class members.  All class members seek, and are entitled to, similar relief.

16.  Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

17.  A class action is manageable, and is also a superior method for resolving this controversy since the claims of nearly all class members are unlikely to be filed as individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i)      certify this claim as a class action pursuant to Fed.R.Civ.P. 23;

(ii)      appoint plaintiff as class representative and the undersigned as class counsel;

(iii)      award plaintiff and class members statutory damages;

(iv)      award plaintiff and class members costs, and attorney's fees;

(v)      award such further relief as shall be just and proper.

## COUNT III

### (Class Action)

18.  The allegations of paragraphs 1 – 6 are incorporated herein as if fully set forth.

19.  The standard programmed message left by defendant law firm failed to disclose that the caller was a debt collector.  Therefore, all messages left for plaintiff after the initial communication from defendant violated 15 U.S.C. §1692e(11).

20.  On information and belief, defendant Howard Lee Schiff personally formulated, implemented, and/or ratified said unlawful message.

### Class Allegations

21.  Plaintiff brings this count of the complaint on behalf of herself and all others similarly situated.  Class members are all Massachusetts residents who, within one (1) year of the filing of this complaint and following an initial "communication" (as defined by the FDCPA) from defendant law firm regarding an alleged consumer debt,  were left -

in connection with the same debt – at least one of the above-described messages (or message substantially similar thereto) which failed to identify the caller as a debt collector.   Excluded from the class are current and former officers, directors, stockholders, employees, and agents of defendant law firm.  On information and belief, the class is sufficiently numerous such that joinder is impracticable.

22.  There are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members.  The primary common questions are whether defendant law firm is a debt collector under the FDCPA, whether the message violated the FDCPA, and whether defendant Howard Lee Schiff may be held jointly and severally liable with defendant law firm for said violation.

23.  Plaintiff's claim is typical in that it resulted from the identical unlawful conduct as that directed at class members.  All class members seek, and are entitled to, similar relief.

24.  Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

25.  A class action is manageable, and is also a superior method for resolving this controversy since the claims of nearly all class members are unlikely to be filed as individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i)        certify this claim as a class action pursuant to Fed.R.Civ.P. 23;

(ii)     appoint plaintiff as class representative and the undersigned as class

         counsel;

(iii)    award plaintiff and class members statutory damages;

(iv)     award plaintiff and class members costs and attorney's fees;

(v)      award such further relief as shall be just and proper.


## Claims under G.L. c. 93A

### COUNT IV

26.  The allegations of paragraphs 1 – 25 are incorporated herein as if fully set forth.

27.  The frequency of the phone messages left for plaintiff was such as to harass plaintiff,

in violation of G.L. c. 93, §49 and G.L. c. 93A.

28.  The frequency of the phone messages left for plaintiff constituted conduct the natural

consequence of which was to harass plaintiff, in violation of 15 U.S.C. §1692d and G.L.

c. 93A

29.  As a result of defendant's conduct, plaintiff suffered anxiety and distress, which in

turn resulted in headaches, loss of sleep, and distraction from daily activities.

30.  At all relevant times defendant law firm was engaged in trade or commerce as

defined by G.L. c. 93A, §1.

31.  The conduct of defendant of which plaintiff complains was willful and knowing in

nature.

32.  On February 28, 2007, plaintiff sent a demand for relief to defendant law firm via

certified mail, return receipt requested, which demand reasonably described the acts and

practices complained of and injuries suffered.

33.  Defendant received plaintiff's demand for relief.

34.  Defendant failed to make reasonable written tenders of settlement to plaintiff within 30 days of receipt of plaintiff's demand for relief.

35.  The failure of defendant to make a reasonable written tender of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

WHEREFORE, plaintiff prays for judgment against defendant law firm awarding her actual damages or $25.00, whichever is greater; doubling or trebling the amount of actual damages awarded; plus interest, costs, and reasonable attorney's fees.

## COUNT V

### (Class Action)

36.  The allegations of paragraphs 1 – 25 are incorporated herein as if fully set forth.

37.  The standard programmed message left by defendant law firm failed to make meaningful disclosure of defendant's identity, in violation of 15 U.S.C. §1692d(6) and G.L. c. 93A.

38.  The standard programmed message left by defendant law firm failed to disclose the defendant's business or company in violation of 940 CMR 7.04 and G.L. c. 93A.

39.  On information and belief, defendant Howard Lee Schiff personally formulated, implemented, and/or ratified said unlawful message.

40.  At all relevant times defendants were engaged in trade or commerce as defined by G.L. c. 93A, §1.

41.  The conduct of defendants of which plaintiff complains was willful and knowing in nature.

42.  On February 28, 2007, plaintiff sent demands for relief to defendants via certified mail, return receipt requested, which demand reasonably described the acts and practices complained of and injuries suffered.

43.  Defendants received plaintiff's demands for relief.

44.  Defendants failed to make reasonable written tenders of settlement to plaintiff within 30 days of receipt of plaintiff's demands for relief.

45.  The failure of defendants to make reasonable written tenders of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

## Class Allegations

46.  Plaintiff brings this count of the complaint on behalf of herself and all others similarly situated.  Class members are all Massachusetts residents who, within four (4) years of the filing of this complaint, were left at least one of the above-described messages (or message substantially similar thereto) in connection with an alleged consumer debt.  Excluded from the class are current and former officers, directors, stockholders, employees, and agents of defendant law firm.  On information and belief, the class is sufficiently numerous such that joinder is impracticable.

47.  There are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members.  The primary common questions are whether the message violated G.L. c. 93A, and whether defendant Howard Lee Schiff may be held jointly and severally liable with defendant law firm for said misconduct.

48.  Plaintiff's claim is typical in that it resulted from the identical unlawful conduct as that directed at class members.  All class members seek, and are entitled to, similar relief.

49.  Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

50.  A class action is manageable, and is also a superior method for resolving this controversy since the claims of nearly all class members are unlikely to be filed as individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i)   certify this claim as a class action pursuant to G.L. c. 93A;

(ii)  appoint plaintiff as class representative and the undersigned as class counsel;

(iii) award plaintiff and class members statutory damages;

(iv)  award plaintiff and class members costs and attorney's fees;

(v)   award such further relief as shall be just and proper.

## COUNT VI

## (Class Action)

51.  The allegations of paragraphs 1 – 50 are incorporated herein as if fully set forth.

52.  The standard programmed message left by defendant law firm failed to disclose that the caller was a debt collector.  Therefore, all messages left for plaintiff after the initial communication from defendant violated 15 U.S.C. §1692e(11) and G.L. c. 93A.

53.  On information and belief, defendant Howard Lee Schiff personally formulated, implemented, and/or ratified said unlawful message.

54.  At all relevant times defendants were engaged in trade or commerce as defined by G.L. c. 93A, §1.

55.  The conduct of defendants of which plaintiff complains was willful and knowing in nature.

56.  On February 28, 2007, plaintiff sent demands for relief to defendants via certified mail, return receipt requested, which demand reasonably described the acts and practices complained of and injuries suffered.

57.  Defendants received plaintiff's demands for relief.

58.  Defendants failed to make reasonable written tenders of settlement to plaintiff within 30 days of receipt of plaintiff's demands for relief.

59.  The failure of defendants to make reasonable written tenders of settlement was in bad faith with knowledge or reason to know that its conduct violated G.L. c. 93A.

## Class Allegations

60.  Plaintiff brings this count of the complaint on behalf of herself and all others similarly situated.  Class members are all Massachusetts residents who, within four (4) years of the filing of this complaint and following an initial "communication" (as defined by the FDCPA) from defendant law firm regarding an alleged consumer debt, were left - in connection with the same debt – at least one of the above-described messages (or message substantially similar thereto) which failed to identify the caller as a debt collector.   Excluded from the class are current and former officers, directors, stockholders, employees, and agents of defendant law firm.  On information and belief, the class is sufficiently numerous such that joinder is impracticable.

61.  There are questions of law and fact common to the class, which questions predominate over any questions particular to individual class members.  The primary common questions are whether the message violated G.L. c. 93A, and whether defendant Howard Lee Schiff may be held jointly and severally liable with defendant law firm for said violation.

62.  Plaintiff's claim is typical in that it resulted from the identical unlawful conduct as that directed at class members.  All class members seek, and are entitled to, similar relief.

63.  Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

64.  A class action is manageable, and is also a superior method for resolving this controversy since the claims of nearly all class members are unlikely to be filed as individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i)   certify this claim as a class action pursuant to G.L. c. 93A;

(ii)  appoint plaintiff as class representative and the undersigned as class counsel;

(iii) award plaintiff and class members statutory damages;

(iv) award plaintiff and class members costs, and attorney's fees;

(v)  award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

EVE CURTIS,
By her attorney:

/s/Kenneth D. Quat
BBO #408640
QUAT LAW OFFICES
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848
kquat@quatlaw.com